**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| SENDER ESTUARDO PEREZ MORALES,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF GREENE CO. JAIL, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-03526-MBB-P |

**ORDER**

On August 25, 2026, Lesly Yessenia Lezama Diaz, who identifies herself as Petitioner Sender Estuardo Perez Morales's wife, submitted documents seeking habeas relief under 28 U.S.C. § 2241 on Petitioner's behalf. Doc. 1. Upon review, the Court notes that the § 2241 petition is not signed under penalty of perjury by Petitioner, a licensed attorney, or any person who has been authorized by this Court to proceed on his behalf.

Federal law allows parties to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. A non-lawyer may not represent another person in federal court. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994); *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 951-52 (8th Cir. 2005). A habeas petition must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Rule 2(c)(5) of the Rules Governing Section 2254 Cases requires a petition to be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under § 2242, and Rule 1(b) permits the Court to apply those rules in § 2241 proceedings.

Under limited circumstances, a habeas petition may be filed by a "next friend." *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Next-friend status is not granted automatically. *Id*. The putative next friend must provide an adequate explanation why the real party in interest cannot appear on his own behalf due to inaccessibility, mental incompetence, or other disability, and must show that she is truly dedicated to the best interests of the person on whose behalf she seeks to litigate. *Id*. at 163-64. The burden is on the putative next friend to clearly establish the propriety of her status. *Id*. at 164.

Diaz has not met that burden. Although the filing refers to Petitioner's confinement, limited

law library access and legal telephone calls, limited, and no retained counsel, those statements do not establish that Petitioner is unable to pursue habeas relief on his own behalf. Doc. 1 at 4. Diaz has not established next-friend status, and she has not shown she is a licensed attorney. Absent that showing, she may not represent Petitioner or prosecute this habeas action for him. Accordingly, Diaz will be denied leave to proceed on Petitioner's behalf.

Because the petition is not signed under penalty of perjury by Petitioner and does not clearly set forth the specific grounds for habeas relief, the Court will allow Petitioner an opportunity to cure the defect by filing an amended petition on the Court-approved § 2241 form. Any amended petition must be signed by Petitioner under penalty of perjury, by licensed counsel, or by a person who has established authorization to sign on Petitioner's behalf under § 2242 and *Whitmore*. The amended petition must clearly state each ground for relief, the facts supporting each ground, the custody or sentence-related action being challenged, and the relief requested. Petitioner is advised that an amended petition replaces the prior filing and must include all claims he wishes to pursue in this case.

Accordingly, it is **ORDERED** that:

(1) Lesly Yessenia Lezama Diaz is denied leave, without prejudice, to proceed on behalf of Petitioner Sender Estuardo Perez Morales;

(2) the Clerk of the Court is directed to mail Petitioner copies of this Order and Petition (Doc. 1) filed by Lesly Yessenia Lezama Diaz, and a court-approved form for filing a petition under 28 U.S.C. § 2241;

(3) the Clerk of the Court is directed to mail a copy of this Order to Lesly Yessenia Lezama Diaz at the return address provided in the filing; and

(4) if Petitioner wishes to proceed with this case, he shall file an amended petition on the Court-approved form, signed under penalty of perjury, on or before September 8, 2026. Failure to timely comply with this Order will result in the dismissal of this case without prejudice and without further notice.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON, JUDGE
UNITED STATES DISTRICT COURT

Dated: August 28, 2026